


# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8288 | **DATE** | 2/27/2001 |
| **CASE TITLE** | Daniel Johnson vs. City of Elgin et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to strike is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 28 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 56 |
| | Mail A 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 FEB 27 PM 3:29 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION.

| | |
|---|---|
| DANIEL JOHNSON, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 99 C 8288 |
| v. | )<br>) The Honorable John W. Darrah |
| CITY OF ELGIN, et. al., | )<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Strike Defendant City of Elgin's Seventh Affirmative Defense. For the reasons stated herein, the Court DENIES Plaintiff's Motion.

## BACKGROUND

On December 22, 1999, Plaintiff Daniel Johnson filed a four-count amended complaint against the City of Elgin and four officers in its police department. Plaintiff was employed by the City of Elgin as a police officer until he was terminated on June 22, 1999. Plaintiff claims that his termination resulted from discrimination in violation of Title VII.

On February 4, 2000, the City of Elgin filed its Answer to the amended complaint. Then on October 26, 2000, all the Defendants filed their "Amended Answer to Amended Complaint." In this Answer, they plead 7 affirmative defenses. The seventh affirmative defense states:



Plaintiff is not entitled to any relief for the period after August 29, 2000, when the City discovered that Plaintiff knew but failed to report to the city that a witness had lied to the City in the investigation of Plaintiff's conduct, a matter for which Plaintiff would have been discharged.

Plaintiff has moved to strike this affirmative defense pursuant to FED.R.CIV.P. 12(c).

## LEGAL STANDARD

FED.R.CIV.P. 12(c) provides in relevant part: "Upon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

When considering an affirmative defense subject to a motion to strike, district courts follow a three-part test:

> (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge – in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.

*Reynalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 802 (N.D.Ill 2000)(Alesia, J.).

Motions to strike affirmative defenses are generally disfavored because they potentially serve only to cause delay. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). "Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Id.* "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Id.*

## DISCUSSION

Plaintiff has moved to strike Defendants' seventh affirmative defense because it is allegedly "[I]egally and factually insufficient on it face, and is based upon frivolous and completely

unsupported allegations." (Def. Mot. 2).

In Defendants' seventh affirmative defense, they seek to plead an "after-acquired evidence defense." The Seventh Circuit explained the "after-acquired evidence defense" in *Sheehan v. Donlen Corporation*, 173 F.3d 1039, 1046 (7th Cir. 1999). It explained:

> An employer may be found liable for employment discrimination, but if the employer later – typically in discovery – turns up evidence of employee wrongdoing which would have led to the employee's discharge, then the employee's right to back pay is limited to the period before the discovery of this after-acquired evidence.

In his Motion to Strike, Plaintiff has attacked Defendants' ability to prove his defense. He argues that Defendants "have not and cannot produce evidence." Plaintiff has in turn laid out the facts which allegedly show that the defense lacks merit. (Def. Mot. 3). However, it would be inappropriate for this Court to consider the Defendants' factual proof for their defense when construing a motion to strike.

Defendants have adequately plead both elements of their affirmative defense under the Federal Rules of Evidence. To properly plead this defense, Defendants must allege: (1) existence of after-acquired evidence of employee-wrongdoing and (2) this wrongdoing would have lead to employee's dismissal. They have done both in their Answer. They have alleged that Plaintiff engaged in wrongdoing when he failed to notify the Department that a witness had lied. Furthermore, they have properly alleged that this failure would have resulted in Plaintiff's rightful termination had it been discovered. Questions regarding whether the Department knew of this lie or whether it would have actually resulted in Plaintiff's firing are properly considered in a Motion for Summary Judgment or at trial, when the Court may consider Defendants' factual support.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to strike is DENIED.

**IT IS SO ORDERED.**

_____
John W. Darrah, Judge
United States District Court

Date: Feb. 27, 2001