

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8288 | **DATE** | 1/30/2002 |
| **CASE TITLE** | DANIEL JOHNSON vs. CITY OF ELGIN, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants' Bill of Costs is granted in part and denied in part. Defendants are awarded a total of $3,993.45 in costs (the total of $3,194.25+$225.00+$89.80+$284.40+$120.00+$80.00).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 83 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | CLERK | | |
| LG | courtroom deputy's initials | 02 JAN 31 PM 5:48 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT,
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

DANIEL JOHNSON,

    Plaintiff,

v.

CITY OF ELGIN; CHIEF OF POLICE WILLIAM MILLER, in his individual and official capacity; DEPUTY CHIEF BURNS, in his individual and official capacity; SERGEANT MONA MCKINLEY, in her individual and official capacity; and SERGEANT DONALD THIEL, in his individual and official capacity,

    Defendants.

Case No. 99 C 8288

The Honorable John W. Darrah

DOCKETED FEB - 1 2002

FEB 1 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Daniel Johnson ("Johnson"), sued Defendants, the City of Elgin, Chief of Police William Miller ("Miller"), Deputy Chief Burns ("Burns"), Sergeant Mona McKinley ("McKinley"), and Sergeant David Thiel ("Thiel") (collectively "Defendants"), for race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000(e) *et seq.*, 42 U.S.C. §§ 1981 and 1983. Summary judgment was granted in favor of Defendants, and judgment was entered in favor of Defendants. Defendants have filed a bill of costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers

-1-



necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing party may overcome this presumption by a showing of indigence. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir. 1994). However, actual indigence, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, No. 97 C 8845, 2001 WL 62573 (N.D. Ill. Jan. 25, 2001); *Falcon v. City of Chicago*, No. 98 C 4028, 2000 WL 1231403 (N.D. Ill. Aug. 28, 2000). Costs may also be denied if the prevailing party engaged in misconduct that is worthy of a penalty. *Weeks*, 126 F.3d at 945.

Johnson argues that costs should not be awarded because he cannot afford to pay them. In support of his argument, Johnson states, in his affidavit, that: (1) he is unemployed and currently a full-time student; (2) he pays $211.33 per month for medical insurance, $820.00 per month for rent, and $55.00 per month for interest accruing on a student loan; (3) he owes $5,700.00 to First USA bank, $2,584.00 to MBNA bank, $55,552.00 in student loans, and $17,000 in legal fees to his former attorneys; and (4) he would be forced to declare bankruptcy if costs were awarded.

It is clear from Johnson's affidavit that he would not be able to pay costs at this time. However, Johnson has not shown that he would not be able to pay the costs in the future. "It is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future." *Falcon*, 2000 WL 1231403, at *1. Johnson is

currently attending school. This fact does not establish that, once he has graduated, Johnson will not be capable of earning or will not eventually earn sufficient income to pay Defendants' costs. Rather, the contrary inference may be drawn. Thus, Johnson has not established actual indigence, and costs will not be denied on this basis.

Defendants seek $6,251.70 for deposition transcripts of Johnson, David Binion, Sergeant Thomas Linder, Lieutenant Henry Smith, Miller, Officer John Grey, Officer Stevenson Jones, Lieutenant Scott Davis, McKinley, Sergeant James Kelly, Thiel, Burns, and transcripts of three court hearings. This amount includes the cost of the reporter's time in the case of Johnson's deposition. Johnson objects for the following reasons: (1) the depositions of McKinley, Sergeant Kelly, Thiel, and Burns were unnecessary because Defendants' counsel stated that he did not intend to use them in Defendants' motion for summary judgment, (2) Officer Jones's deposition was unnecessary because Defendants' counsel did not appear at the deposition, and (3) Defendants did not compute the costs at the rate set by the Judicial Conference.

The transcripts Johnson objects to were reasonably necessary for use in the case for the reasons that follow. Burns, McKinley, and Thiel were named as defendants in this case. Defendants relied upon parts of McKinley's deposition in their Motion for Summary Judgment. Johnson relied on the deposition transcripts of Burns, McKinley, Thiel and Kelly in his response to Defendants' Motion for Summary Judgment. Defendants' counsel was not present at Officer Jones' deposition because counsel was not given notice of the deposition. (Defs.' Reply Ex. A.) The hearing transcripts were used as exhibits at Johnson's deposition. Therefore, the transcripts were reasonably necessary for use in the case.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized

-3-

by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.00 as the rate per page for an original transcript, $4.00 per page for each expedited copy, $0.75 per page for the first copy of a transcript, and $0.50 per page for each additional copy to the same party.

The transcripts noted above were reasonably necessary for use in the case. Since Defendants do not explain why transcripts were necessary on an expedited basis, such additional fees will not be allowed. Only the transcripts of the depositions of Johnson, David Binion, the September 12, 2000 hearing, and the December 21, 2000 hearing were originals. All other transcripts were copies. Accordingly, the Court will allow the Johnson and Binion deposition transcripts and the September 12, 2000 and December 21, 2000 hearing transcript at the standard rate of $3.00 per page. The transcripts of the other hearings and the depositions of Sergeant Linder, Lieutenant Smith, Miller, Officer Grey, Officer Jones, Lieutenant Davis, McKinley, Sergeant Kelly, Thiel, and Burns will be taxed at the rate of $0.75 per page. The Court awards Prairie $3,194.25 (704 pages at $3.00 per page + 1443 pages at $0.75 per page) for transcripts.

Defendants also seek $640.00 in court reporter fees. However, only one invoice submitted in support of those charges indicate the number of hours of court reporting. From the other two invoices, it cannot be determined how many hours were spent court reporting, the rate at which court reporting was charged, or whether that rate was reasonable under the Judicial Conference. Therefore, $415.00 of the court reporter fees will be disallowed.

Based on the invoice that does report the number of hours of court reporting, the court reporter charged $30.00 per hour ($225.00/7.5 hours). Thirty dollars per hour is a reasonable rate

for court reporting pursuant to the Judicial Conference standards. *See Gillman v. Crown Equip. Corp.*, No. 95 C 1914, 1996 WL 556706, at *2 (N.D. Ill. Sept. 26, 1996). Therefore, Defendants will be awarded $225.00 for court reporting.

Defendants seek $3,048.21 in duplicating costs. This amount is based on 6,500 pages that were produced in discovery, 2,063 pages that were used as exhibits in Johnson's deposition, 380 pages that were copied for a response to Johnson's motion for a protective order, 211 pages of various discovery motions, 376 pages of various discovery motions, 2,314 pages of Johnson's response to Defendants' motion for summary judgment, and 4,328 pages that were copied in connection with Defendants' Motion for Summary Judgment and Reply in support of that motion at a rate of $0.20 per page.

Johnson objects to: (1) the 6,500 pages that were produced in discovery and the 2,063 pages that were used as exhibits at Johnson's deposition because they were not produced to the Court; (2) the 380, 211, and 376 pages that were purportedly copied on various discovery motions because Defendants never filed any discovery motions of 211 pages or more; (3) the 4,328 pages copied in connection with their Motion for Summary Judgment because Defendants have not indicated whether any of those pages were extra copies or presented to the Court; and (4) the 2,314 pages in connection with his response to their Motion for Summary Judgment because Johnson furnished Defendants with a copy of his response and all its exhibits.

In their reply, Defendants argue that 6,500 pages of documents produced in discovery that were copied were necessary to determine which documents had or had not been produced. Defendants argue that they would have had to relocate those documents or have defense counsel travel to Defendants' location each time counsel needed to review those documents. Defendants also

argue that the 2,063 copies associated with the exhibits to Johnson's deposition were necessary because at least three copies of the exhibits were required, one each for the court reporter, Johnson and defense counsel. Defendants argue that the 4,328 pages copied in connection with their Motion for Summary Judgment were necessary because Defendants were required to make four copies – two for the Court, one to serve on Johnson and one to retain as a record of what was filed with the Court. Defendants did not make any argument in support of their request for costs in connection with copying Johnson's response to their Motion for Summary Judgment.

A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Defendants will be permitted two copies of all the pleadings and motions and one copy of all the discovery materials.

However, it was not reasonably necessary for Defendants to copy the 6,500 pages that were produced in discovery. These documents were not necessarily obtained for use in the case. Defendants, as they noted in their reply, had options available other than duplicating 6,500 pages. Moreover, it is clear that the duplication of these documents produced were for Defendants' own convenience and not reasonably necessary for use in the case. *See Haroco v. American Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994) (holding duplication of discovery documents for attorney's own convenience is not recoverable); *Sharp*, 197 F.R.D. at 362-63 ("I disallow United's cost to copy its own set of documents produced to the plaintiff because 'however valuable and convenient it may have been to defendant's preparation of its case, it was nontheless for the convenience of defendant's attorneys, since defendant after all had the originals of the documents in its possession.'") (quoting *Baxter Int'l Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, at

*2 (N.D. Ill. Mar. 3, 1998). Therefore, the cost of photocopying these documents, $1,113.81, will be disallowed.

Defendants state in their reply that there were 449 pages of exhibits to Plaintiff's deposition. Defendants seek duplication costs for three copies of each page. The exhibits to Johnson's deposition were reasonably necessary for use in the case. As discussed earlier, Defendants will be permitted a single copy of discovery materials. A charge of $0.20 per page has been found to be reasonable by the courts. *See, e.g., Kateeb v. Dominick's Finer Foods, Inc.*, No. 96 C 1229, 1997 WL 630185, at *1 (N.D. Ill. Sept. 30, 1997). Therefore, Defendants will be awarded $89.80 (449 pages x $0.20 per page) for duplication of these exhibits.

Defendants also seek duplication costs for three copies of approximately 238 pages of proposed exhibits to Johnson's deposition. These documents were never used as exhibits. Defendants apparently did not think those documents were reasonably necessary for use in this case, and the Court has no basis to find to the contrary. Therefore, the cost of these copies, $143.20 (716 pages x $0.20 per page) will be disallowed.

Defendants state in their reply that their Motion for Summary Judgement consisted of 499 pages and that their reply in support of that motion consisted of 213 pages. As noted above, Defendants will be permitted costs for two copies of pleadings, one for the Court and one for Johnson. Therefore, Defendants will be awarded $284.40 (1,424 pages x $0.20 per page).

Defendants also seek duplication costs for 380 pages copied in response to Johnson's motion for a protective order and 587 pages copied on various discovery motions. From the information submitted by Defendants, it cannot be determined how many pages the response to Johnson's motion for a protective order or the discovery motions consisted of or whether multiple copies of the

documents were made. Therefore, duplication costs of these documents in the amount of $193.40 will be disallowed.

Defendants seek $120.00 in witness fees, $40.00 each for Schaumburg Honda Automotive, McGrath Nissan and Buick, and David Binion. Plaintiff does not object to these fees.

Section 1821 provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b) (2001). Section 1821 also permits a subsistence and travel allowance for witnesses. §1821(c), (d). The witness fees claimed by Defendants do not exceed the attendance fee provided for in § 1821. Accordingly, Defendants are awarded $120.00 in witness fees.

Finally, Defendants seek $150.00 for subpoena service of Schaumburg Honda Automotive and McGrath Nissan and Buick. Johnson does not object to these costs. Defendants have attached an invoice that reports "rush" service on the persons named above. However, the invoice does not identify "at what address service was accomplished, . . . how long service took," *Chemetall GNBH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at *23 (N.D. Ill. Sept. 18, 2001), and Defendants have not stated why "rush" service was necessary.

Prevailing parties may recover service costs that do not exceed the Marshal Service's fees regardless of who effected service. *Collins*, 96 F.3d at 1060. The Marshal's Service charges $40 per hour for the first two hours and $20 for every hour thereafter plus $0.31 per mile. *EEOC v. Yellow Freight System, Inc.*, No. 98 C 2725, 1999 WL 965854, at *2 (N.D. Ill. Oct. 14, 1999). Since the attached invoice does not state where service was accomplished, how long it took, or why "rush"

service was necessary, the Court will award the minimum charged by the Marshal's Service, $40 per person served with a subpoena. Therefore, Defendants are awarded $80.00 for the cost of subpoena service.

For the reasons stated above, Defendants' Bill of Costs is granted in part and denied in part. Defendants are awarded a total of $3,993.45 in costs ( the total of $3,194.25 + $225.00 + $89.80 + $284.40 + $120.00 + $80.00, as itemized above).

Dated: January 30, 2002

JOHN W. DARRAH
United States District Judge